PEOPLE *v*. POE

CRIMINAL LAW — PLEA OF GUILTY — EXAMINATION OF DEFENDANT — SUFFICIENCY.

> The trial judge, before accepting a defendant's plea of guilty, does not have to make a determination as to each fact surrounding the commission of the crime charged; the trial judge is required only to interrogate the defendant in sufficient detail to ascertain the truthfulness of his plea of guilty (GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 3 December 22, 1970, at Grand Rapids. (Docket No. 9938.) Decided January 28, 1971.

Robert Earl Poe was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George G. Matish,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: T. M. BURNS, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. The defendant was originally charged with murder in the second degree. On February 16, 1970, he pled guilty to a reduced charge of manslaughter, and on March 31, 1970, he was sentenced to a term of 5 to 15 years. On appeal, defendant does not claim that his plea was untruthful or that the trial judge did not interrogate him to ascertain the truthfulness of the plea. Defendant claims that the trial court erred in accepting his plea of guilty to the charge of manslaughter when there were substantial issues of fact not resolved by that plea. Plaintiff moves to affirm.

GCR 1963, 785.3(2) does not require that the trial judge make any determination as to each and every fact surrounding the commission of the crime charged. The rule requires only that the trial judge interrogate the defendant in sufficient detail to ascertain the truthfulness of his plea of guilty.

The following excerpts from the trial judge's interrogation as to the facts of the crime are clearly sufficient to establish the truthfulness of defendant's plea.

"*The Court:* Who was Geraldine Poe?

"*The Defendant:* My wife.

"*The Court:* What happened to her on May 24th at that address?

"*The Defendant:* Well, I came home and she wasn't there. When I came in I was putting up groceries.

"*The Court:* Putting up what?

"*The Defendant:* Groceries. When she came in there was an argument started. She went and got my rifle and I taken it away from her. She started to go out the room and I shot her.

*"The Court:*  Where was she shot?
*"The Defendant:*  In the head.
*"The Court:*  Back of the head?

\*    \*    \*

*"The Court:*  You didn't intend to kill her?
*"The Defendant:*  No.
*"The Court:*  You meant to shoot the gun?
*"The Defendant:*  Yes.
*"The Court:*  You aimed at her—in her direction?
*"The Defendant:*  It was aimed in her direction."

The testimony of the defendant was sufficient to warrant the acceptance by the trial judge of a plea of guilty to the charge of manslaughter. The trial judge did not err in accepting such plea.

Motion to affirm is granted.